**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **NATALIE BRUNNER** | ) **NO.** |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **CIVIL RIGHTS (US and WA CONST.)** |
| **Plaintiffs,** | ) **(4TH AMENDMENT, INVASION OF** |
| | ) **PRIVACY), ABUSE OF PROCESS,** |
| **v.** | ) **INTENTIONAL INFLICTION OF** |
| | ) **EMOTIONAL DISTRESS, ASSAULT,** |
| **CITY OF LAKE STEVENS, (LSPD)** | ) **NEGLIGENCE** |
| **ANDREW THOR, individually and in** | ) |
| **his Official Capacity as an OFFICER** | ) **JURY TRIAL DEMANDED** |
| **of the LAKE STEVENS POLICE** | ) |
| **DEPARTMENT; DAN LORENTZEN,** | ) |
| **individually and in his Official** | ) |
| **Capacity as CHIEF of the LAKE** | ) |
| **STEVENS POLICE DEPARTMENT;** | ) |
| **DOES 1-500,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

NATALIE BRUNNER, the Plaintiff herein, by and through her attorney, alleges as

follows:

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

1

## I. JURISDICTION

1.  This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

2.  The claims upon which this suit is based occurred in this judicial district.

3.  Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district.

## II. PARTIES

2.1     PLAINTIFF NATALIE BRUNNER is a single woman residing primarily in the State of Washington, in PIERCE County within the Western District of Washington. Plaintiff was the victim of a campaign of harassment, deception, intimidation, physical assault, and invasion of privacy by Defendant THOR.  This included a campaign of frequent cyber-stalking that was known or should have been known to the LAKE STEVENS POLICE DEPARTMENT.

2.2   DEFENDANT CITY OF LAKE STEVENS is a government entity in SNOHOMISH COUNTY governed and functioning under the laws of the State of Washington.  It employed OFFICER ANDREW THOR, and employs CHIEF DAN LORENTZEN, as well as John and Jane Doe deputies and supervisors of the LSPD

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

and other officials and police officers whose identities are unknown, who were involved

in this incident and the cyberstalking, harassment, and other tortious conduct

committed against Plaintiff and were involved in the failure to train, supervise, and

discipline Defendant Thor.

2.3   Defendant ANDREW THOR upon belief resides in SNOHOMISH County

within the Western District of Washington State.  Upon knowledge and belief,

ANDREW THOR was at the time of the injuries complained of in this complaint, an

employee and/or agent of the LAKE STEVENS POLICE DEPARTMENT (hereinafter

Identified as LSPD) acting within the course and scope of his duties.

2.4   Defendant CHIEF DAN LORENTZEN, upon belief resides in SNOHOMISH

County within the Western District of Washington State.  Upon belief, CHIEF

LORENTZEN is and was at the time of the injuries complained of in this complaint, an

employee and/or agent of the LAKE STEVENS POLICE DEPARTMENT (hereinafter

identified as LSPD) acting within the scope of his duties.

2.5 There are other persons, identities presently unknown to Plaintiffs who are,

and were at all times mentioned herein, supervisors, incident commanders, training,

and/or disciplining officers, and/or decision-makers of the LAKE STEVENS POLICE

DEPARTMENT and/or other OFFICERS THEREOF who acted in concert with the

above named Defendants and who devised, approved, or deliberately ignored the

actions that are the subject of this action and in doing the things hereinafter alleged,

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

3

acted under color of State and Federal Law as agents of the LSPD and/or other involved individuals and/or agencies and with those agency(ies)'s full consent and approval.

2.5 DOES 1-100 are, and were at all times mentioned herein, Officers, Supervisors, Internal Investigators, involved actors, and elected or appointed Police or Governmental Officials Involved In encouraging Thor's behavior and/or failing to properly monitor, supervise, control, and/or discipline Defendant Thor and/or other officers involved in numerous Constitutional and tort violations resulting in an extensive pattern and practice of allowing gross misconduct and harm to occur over an extended period of time, thus tacitly encouraging this incident to occur, and in committing the acts and omissions hereinafter alleged, acted under color of state law as agents of the Lake Stevens Police Department resulting in the  violations of Plaintiffs' rights as discussed.

2.10    This action is brought pursuant to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and common law torts.

2.11    On May 27, 2015, Plaintiff served The City of Lake Stevens with a tort claim for harm that continued through at least October of 2014.  On June 9, 2015, the Washington Cities' Insurance Authority sent a letter acknowledging the claim.  No further response was ever received from Lake Stevens or the Risk Pool.

4

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

### III. FACTS

3.1     In early 2011, Defendant ANDREW THOR met Plaintiff NATALIE

BRUNNER online.

3.2.     In order to pursue a personal relationship with her and to conceal the fact

that he was married, THOR lied to BRUNNER numerous times about his employment,

claiming first to be working for Army Special Forces, the British Special Air Services,

and then the CIA.  He created elaborate stories, including pretending to be his brother

at times, and lied to BRUNNER over and over in order to hide his activities when they

required him to be apart from her, due to to his actual family life with his wife and

children.

3.3 The relationship continued for three-and-one half-years.

3.4 At one point, THOR told BRUNNER that something bad happened last year,

in Africa, and he would have to change his name.

3.5 The last time she saw him was for a weekend in Anacortes that went very

strangely.

3.6 Thor got a call from a man, (she overheard) said he had to leave in 12

hours and (something else, she didn't catch it).

3.7 After he got off the phone, his tone toward her was totally different.

3.8 Suddenly he was cold and withdrawn.

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

3.9 Thor then said he had to be dropped off at the transit center the next day (Saturday), because he had to return to Syria,that he would be cutting the weekend short, and he would have a friend pick him up from the transit center.

3.10 He then asked her, "Do you want to see the book report I have on you?"

3.11 THOR had previously claimed to BRUNNER that because he worked for the CIA, that he had to have information on her.  He asked for her license plate number, vehicle make and model, the addresses of herself and her family members.

3.12 After he asked that in the hotel room, THOR pulled out his 'book report' on her which contained 5 to 7 pages.  It looked very professional.  He wouldn't show her the whole thing, but she was shown pages containing a copy of her driver's license and her social security number.  He then took the packet and hid it.

3.13 THOR then took out his service weapon, unloading the bullets from the magazine in front of her, then reloading them one by one into the magazine.

3.14 THOR then demonstrated to BRUNNER how to remove the last round from the weapon's firing chamber.

3.15 BRUNNER had told THOR in the past, "I don't like guns, I've had nightmares about being shot in the face."

3.16 THOR persisted in demonstrating how to remove the last round from the weapon's firing chamber of his service weapon.

6

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

3.17 THOR then took BRUNNER for a walk for two hours through the deserted late night streets of Anacortes.

3.18 BRUNNER, frightened, kept asking THOR to tell her a funny story.  Each time THOR responded with a story about killing people.

3.19 She did not sleep that evening.

3.20 The next morning, BRUNNER and THOR had breakfast, during which THOR refused to allow BRUNNER to take him to the transit center, claiming he would walk instead.

3.21 She never saw him directly again.

3.22 Worried about what had occurred, BRUNNER googled THOR.

3.23 He had told her that his name was "Andrew Thor Kidd"

3.24 BRUNNER inadvertently hit return after typing "Thor" and before typing "Kidd".

3.25 A KOMO TV video popped up, with THOR in a Lake Stevens Police Uniform talking about how to fight identity theft. Discussing people who pretend to care about you only to steal your identity and invade your privacy.

3.26 Thus BRUNNER learned who Thor really was.

3.27 BRUNNER also discovered that THOR was married and had children.

3.28 At one point before she learned THOR'S true identity, THOR e-mailed BRUNNER and asked her how she felt about "being monitored"

7

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

3.29 BRUNNER observed THOR following her in a vehicle with several other men who all looked like police officers.

3.30 About two-and-a-half to three years ago, during the time period she was involved with THOR, BRUNNER was followed to her father's home in Granite Falls from school.  Her father lives in a gated, closed community.  The man followed her into the community.  When she parked in the driveway, he blocked her car in.  He came up and banged on the window.

3.31 The man identified himself as a police officer and he was wearing a uniform.

3.32 BRUNNER later found out that he was with the Seattle Police Department, and by belief followed and harassed her at THOR's request.

3.33 When the officer banged on her window, BRUNNER rolled the window down a bit, and he screamed at her that she was speeding.

3.34 The man was driving his personal vehicle, a Toyota or Honda, not a marked police car.

3.35 BRUNNER's Father got onto the web site for the homeowner's association, because he knew there was a police officer who lived in their community.

8

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

3.36 They found out he lived behind BRUNNER's father, and found his wife's facebook page that had pictures of her husband, and identified him by name that way.

3.37 BRUNNER called the Seattle Police Department, they confirmed he worked there, and then they took it from there. She believes he only got a slap on the wrist, perhaps that he had to take an ethics class or something similar.

3.38 Over the course of their relationship, THOR obtained a great deal of private information about BRUNNER including: names and other information about her children and their father, her daughter's daycare information, her mother and father's addresses, her address, the names and addresses of close personal friends, etc. She doesn't know how else he might use that information.

3.39 THOR has run BRUNNER's name through the National Criminal Information Center (NCIC)'s database on at least 45 occasions, all during the course and time of his work hours at LSPD.

3.40 On at least two occasions, while at work at LSPD, THOR contacted DOL and falsely claimed that BRUNNER was a victim of third party identity theft in order to obtain personal information on her.

3.41 During the time BRUNNER was involved with THOR, four PIERCE County Sheriff's deputies knocked on BRUNNER's door claiming that there was a kidnap victim present in her home (there was no such person), never sought entry, but

9

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

gathered on her porch, in public view for at least 10-15 minutes before leaving.  By information and belief, one of those deputies was a friend and associate of THORs acting at his request.

3.42 To convince her that he was at one time an Army Ranger, THOR gave BRUNNER an Army Ranger t-shirt that he had been barred from wearing under his uniform by his Lieutenant.  That was part of the obfuscation of his actual identity.

3.43 After the threats from THOR and discovering that he had lied to her, BRUNNER obtained an anti-harassment order that included a ban on cyberstalking, which THOR has continued to engage in.

3.44 When BRUNNER complained to the LSPD about THOR's pattern of misconduct, THOR was placed on paid leave.

3.45 LSPD launched an investigation, which prompted THOR to resign from the department. LSPD refused to recommend criminal charges despite the fact that THOR's actions in conducting the unwarranted database searches on BRUNNER while working for them constituted a crime.

3.46 BRUNNER has received electronic notifications that THOR has continued to conduct internet based searches on her in an attempt to monitor her activities.

3.47 This specifically violates the restraining order against him.

3.48 Until BRUNNER complained and specifically cited THOR investigating her, LSPD had not set a mechanism for monitoring use and abuse of sensitive Law

10

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

Enforcement databases, nor a mechanism for altering patterns of misuse. A copy of

records indicating the number of times THOR had run her name and/or identifying

information through law enforcement databases was requested from the City of Lake

Stevens.

      3.49 BRUNNER continues to be frightened for her safety and her privacy and

this incident has been deeply traumatic for her.

      3..50 When BRUNNER complained about THOR's behaviors, LSPD knew she

was complaining about THOR before she ever gave his name, but LSPD had not

launched any internal investigation or taken any action prior to that time.

      3.51 LSPD has had a series of incidents and lawsuits involving sexual

harassment, home invasions, and other harassment of community members by its

officers, resulting in a lengthy series of lawsuits and other legal actions against the

Department and City.


## IV. STATEMENT OF DAMAGES


      4.1    As a direct and proximate result of the intentional and/or negligent

acts of Defendants and those acting on behalf of them, Plaintiff sustained deprivation

of her First, Fourth, Fifth, and Fourteenth Amendment Rights, deprivation of liberty,

11

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

violations of privacy, threats to and fear for her personal safety, pain and suffering and injury in an amount that will be established at trial.

4.2     As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff has had to retain legal counsel to vindicate her rights in court at an amount to be established at trial and for which they are entitled to be reimbursed.

4.3     As a further direct and proximate result of the intentional and negligent acts of the Defendants, Plaintiffs underwent frightening physical and psychological abuse, as well as violations to her privacy and personal information solely caused by Defendant Thor's abuse of his position as a law enforcement officer. Compounded by the rest of the Department's failure to monitor electronic, on the job searches, and failure to exert proper supervision to maintain good order and discipline.

4.4   Plaintiff, according to belief, alleges herein that Thor used this information to cause Plaintiff further harm as will be revealed in discovery in this matter.

4.5 Plaintiff is entitled to compensation for the Constitutional and personal harms Defendants inflicted on her, and the chilling effect their actions had on her life.

//

//

12

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

**V. CAUSE OF ACTIONS**:

**COUNT ONE**
**VIOLATION OF CIVIL RIGHTS**
**(TITLE 42 U.S.C. SECTION 1983)**
**(As To All Individual Defendants and DOES 1-100)**

5.1.   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 4.5 of this complaint.

5.2.   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs, as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)  The right not to be deprived of liberty without due process of law;

(b) The right to be free from invasion or interference with Plaintiff's zone of privacy;

(c)  The right to equal protection of the law;

(d)  The right to be free from unreasonable search and seizure;

(e)  The right to be free from police use and threat of excessive force;

(f)   The right to be free from discriminatory law enforcement;

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

13

5.3 In violating Plaintiff's rights as delineated above, and other rights according to proof, Defendants acted by verbal threat and intimidation, use of force, false detention, or by ratifying personally the above listed conducts, Defendants acted to violate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

5.4   DOES 1-100 are the other officers involved directly in the incidents in question.

5.5   As a direct and proximate result of the violations of her Constitutional rights by Defendants, and each of them, Plaintiff suffered general and special damages as alleged in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT TWO
### Violation of Civil Rights
### (Title 42 U.S.C. Section 1983)
### (**As To DEFENDANTS LORENTZEN, and Does 101-500**)

5.6   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.5 of this complaint.

5.7   At all times herein mentioned, Chief Lorentzen, and Thor's other supervisors, acted with deliberate intent and policy to give free rein to Thor and the other officers of the Department to engage in cyberstalking and other unlawful and

14

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

unconstitutional actions that deprived Plaintiff and many others of their rights secured by the Constitution of the United States, including, but not limited to their rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and rights under the Washington State Constitution.

5.8     The Doe supervisors of named Defendant Thor acted deliberately to ratify the above-described policy and actions, and participated in the creation and implementation of this policy,  and failed to properly train, supervise, and discipline named Defendant and other involved officers,

5.9     In committing the acts complained of herein and in their official and individual capacity, Lorentzen and Doe Defendants acted with a design and intention to deprive Plaintiff and others of rights secured by the Constitution of the United States and acted with deliberate indifference to Plaintiff's rights.

5.10    As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages as set forth in this complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**COUNT THREE**
**Violation of Civil Rights**
**(WASHINGTON STATE CONSTITUTION: Article 1 §7)**
**(As to All Defendants)**

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

5.11    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.10 of this complaint.

5.12    Defendant Thor's cyberstalking, and other harassment of Plaintiff. Allowed and facilitated by Defendant Lorentzen and Doe Defendants' deliberate failure to monitor and supervise Thor's activities facilitated this frequent and ongoing long term harassment, which violated Plaintiff's right to be free of intrusion into her personal privacy in direct violation of Article 1 Section 7 of the Washington State Constitution.

5.13    As a direct and proximate result of the violation of their Constitutional rights by Defendants, and each of them, Plaintiffs suffered general and special damages as alleged in this complaint.

5.14    The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT FOUR
## NEGLIGENCE
### (As to All Defendants)

5.15 Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.14 of this complaint.

16

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

5.16 Defendants, and each of them, owed Plaintiffs a duty to use due care, and to ensure the protection of her safety and privacy, from themselves, and from their fellow officers at all times of the aforementioned incidents.

5.17   In committing the aforementioned acts and/or omissions, Defendants, and each of them, negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to the Plaintiffs as alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT FIVE
## ASSAULT AND BATTERY
### (As to Defendant Thor)

5.18   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.17 of this complaint.

5.19   Defendant Thor, throughout the period of his relationship under false pretenses with Plaintiff physically battered and threatened her, including threatening her with his service weapon to induce compliance with his wishes, and had fellow officers act as his agent to harass, threaten, and intimidate her-causing her to fear imminent physical attack.

5.20   This caused great physical pain, terror, and emotional pain to Plaintiff without justification or necessity.

17

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

5.21 This pattern of abusive and tortious conduct by Defendant caused Plaintiff to reasonably and foreseeably fear further battery and other imminent harm to her health and safety, and she did so fear.  This fear constitutes common law assault.

5.22   Defendant knew or reasonably should have known that he was and would inflict this reasonable fear on Plaintiff.

5.23   As a direct and proximate result of the violation of her rights by Defendant, and of Defendant's tortious conduct towards Plaintiff, Plaintiff suffered general and special damages as alleged in this complaint.

5.24   The excessive and unreasonable uses of force, threat and the resulting abuse of Plaintiff was directly and proximately caused by the other Department Defendant's' failure to properly train, supervise, and discipline their officers, and the tacit ratification of such actions.

5.25   The conduct of Defendant was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

18

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

## COUNT SIX
## FRAUD AND MISREPRESENTATION
### (As to Defendant Thor)

5.26    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 5.25 of this complaint.

5.27    Defendant Thor, throughout the period of his relationship under false pretenses with Plaintiff, used false information repeatedly and constantly in order to gain personal advantage over her, and when that failed, had other officers from other agencies harass and intimidate Plaintiff, and then physically battered and threatened her, including threatening her with his service weapon to induce compliance with his wishes.

5.28 Additionally, as described above, Thor used fraud and deception to justify the repeated illegal searches of state and Federal databases to illegally and unjustifiably obtain personal information to gain personal advantage.

5.29    All of this caused great physical pain, terror, and emotional pain to Plaintiff without justification or necessity.

5.30 This pattern of abusive and tortious conduct by Defendant caused Plaintiff to reasonably and foreseeably fear further violations of privacy and other imminent harm to her health and safety, and she did so fear.

5.31    Defendant knew or reasonably should have known that he was and would inflict this reasonable harm on Plaintiff.

19

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

5.32    As a direct and proximate result of the violation of her rights by Defendant, and of Defendant's tortious conduct towards Plaintiff, Plaintiff suffered general and special damages as alleged in this complaint.

5.33    The excessive and unreasonable violations of privacy and the resulting abuse of Plaintiff was directly and proximately caused by the other Department Defendant's' failure to properly train, supervise, and discipline their officers, and the tacit ratification of such actions.

5.34    The conduct of Defendant was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## VI. JURY TRIAL DEMAND

6.1 Plaintiff hereby demands a jury trial in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

7.1    For general damages including pain and suffering together with special damages for Plaintiff's reasonable and necessary legal expenses, and medical

20

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF

expenses both past and future, the exact amount of which will be established at the time of trial;

7.2    For punitive damages in an amount to be proven at trial pursuant to Federal and State law;

7.3    For actual attorney's fees and litigation costs pursuant to 42 U.S.C. 1988;

7.4    For statutory attorney's fees and costs; and

7.5    For court supervised training and regulations requiring that the involved agencies and officers establish controls and review processes to ensure that such abuses of privacy not occur again.

7.6    For such other and further relief as the Court deems just and proper.


DATED: November 3, 2015

                _____
                LAWRENCE A. HILDES
                Attorney for Plaintiffs Natalie Brunner

,

21

**BRUNNER V. CITY OF LAKE STEVENS, ET AL.** -COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFF