THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATALIE BRUNNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LAKE STEVENS, ANDREW THOR, DAN LORENTZEN, and DOES 1-500,<br><br>　　　　　　Defendants. | CASE NO. C15-1763-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff Natalie Brunner's motion to reopen discovery (Dkt. No. 63). Brunner offers three reasons why the Court should grant her motion.

First, Brunner lists a number of personal and professional conflicts that kept her counsel from timely participating in discovery. (*See id.* at 1-2.) While the Court is sympathetic to counsel's woes, it also agrees with Defendants that "it is always *something* with Mr. Hildes." (*See* Dkt. No. 69 at 2; *see also* Dkt. Nos. 18, 33, 60, 66.) And, as the Honorable Marsha Pechman, United States District Judge remarked, "failure to comply with Court deadlines [has been] a pattern for Mr. Hildes." *Moba v. Total Transp. Servs., Inc.*, 2014 WL 3050461 at *1 (W.D. Wash. July 3, 2014). Juggling personal and professional commitments is a challenge every lawyer must face. Such commitments do not excuse the tardiness seen here.

Second, Brunner points to the "disagreement" over Defendant Andrew Thor's deposition, which "required the cancellation of Thor's scheduled deposition." (Dkt. No. 63 at 2.) But this delay was in part caused by Brunner's insistence on attending that deposition, despite the protective order she obtained against Thor that "explicitly prohibit[ed] Thor's participation in the deposition if Brunner [wa]s present." (Dkt. No. 55 at 2.) More importantly, the Court resolved that disagreement a month before the discovery deadline. Brunner offers no reason why she did not seek an extension at that time.

Finally, Brunner complains of a conflict with opposing counsel over scheduling Lieutenant Lambier's deposition—the communication over which occurred more than a month before the discovery deadline—and opposing counsel's refusal to extend the discovery deadline past January 9. (Dkt. No. 63 at 3.) It is clear from the record that the attorneys in this case have not always worked well together. (*See, e.g.*, Dkt. Nos. 15, 31, 33, 46.) But again, these complaints do not explain Brunner's persistent inability to meet deadlines or at least file a timely request for extension.

Brunner has not shown good cause to modify the case schedule and reopen discovery. *See* Fed. R. Civ. P. 16(b)(4). Her motion (Dkt. No. 63) is DENIED. The pending summary judgment motions shall be resolved on the record currently before this Court. An order on those motions shall be forthcoming.

DATED this 8th day of February 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk
